UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TATYANA SIZYUK, <br><br> Plaintiff, <br><br> v. <br><br> PURDUE UNIVERSITY, BOARD OF TRUSTEES OF PURDUE UNIVERSITY, and MAMORU ISHII in his personal capacity, <br><br> Defendants. | CAUSE NO.: 4:20-CV-75-TLS |

## OPINION AND ORDER

This matter is before the Court on Defendant Dr. Mamoru Ishii's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 92]. For the reasons set forth below, the Court denies the motion.

## PROCEDURAL BACKGROUND

The Plaintiff brings her Amended Complaint against Defendant Dr. Mamoru Ishii in his personal capacity pursuant to 42 U.S.C. § 1983, alleging race and gender discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. Am. Comp. 1, ¶ 9, ¶¶ 44–47, ECF No. 27. The Plaintiff alleges that Dr. Ishii, as a member of the faculty of the Purdue University School of Nuclear Engineering, caused her to be denied tenure. *Id*. ¶¶ 17, 23. In the prayer for relief, the Plaintiff requests that

> 1. Purdue rescind its denial of tenure, grant tenure, instate Plaintiff as a tenured faculty member in the School of Nuclear Engineering;
>
> 2. Defendants pay to Plaintiff all of her lost wages and benefits;
>
> 3. Defendants pay to Plaintiff compensatory and emotional pain and suffering damages;

    4. Defendants Dr. Kim and Dr. Ishii pay to Plaintiff punitive damages;

    5. Defendants pay Plaintiff any additional lost wages, bonuses, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

    6. Defendants pay to Plaintiff pre- and post- judgment interest;

    7. Defendants pay Plaintiff's reasonable costs and attorney fees incurred in litigating this; and,

    8. Defendants pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court, including equitable and legal relief.

Am. Compl. 11.

    On February 15, 2023, the Court issued an opinion and order denying Dr. Ishii's motion for summary judgment, which had been brought on grounds different from the Eleventh Amendment immunity issue raised in the instant motion to dismiss. *See* ECF No. 77. Remaining for trial are the Plaintiff's Title VII discrimination claim against the Purdue University Defendants in Count I and the § 1983 equal protection claim against Dr. Ishii in Count III. *Id.* This matter is set for a final pretrial conference on January 8, 2023, and a jury trial on January 22, 2023. ECF No. 79. On December 8, 2023, the parties timely submitted their proposed pretrial order, motions in limine, and proposed jury instructions and verdict forms. ECF Nos. 81–91.

    On December 15, 2023, Dr. Ishii filed the instant Motion to Dismiss. ECF No. 92. The Plaintiff filed a response in opposition on December 21, 2023. ECF No. 94. Dr. Ishii has not filed a reply, and the time to do so has passed.

**MOTION TO DISMISS STANDARD**

    The assertion of immunity from suit under the Eleventh Amendment raises a question of subject matter jurisdiction. *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 532 (7th Cir. 2022) (quoting *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject

2

matter jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering such a motion, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). "Eleventh Amendment immunity can be raised at any stage of the proceedings." *McHugh*, 55 F.4th at 532 (quoting *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)).

## ANALYSIS

In the instant motion, Dr. Ishii seeks dismissal of the Plaintiff's § 1983 claim for damages brought against him in his individual capacity. He argues that, because he is a faculty member of the Purdue University School of Nuclear Engineering, this is really an official capacity claim against Purdue University, which is barred by the Eleventh Amendment. The Court finds that the Plaintiff's § 1983 claim for damages against Dr. Ishii in his individual capacity is not barred by the Eleventh Amendment.

42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show that the defendant deprived her of a federal constitutional right and that the defendant acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting

under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Here, the Plaintiff alleges that Dr. Ishii, a faculty member of a state university, caused her to be denied tenure based on her race and gender in violation of the Equal Protection Clause of the Fourteenth Amendment.

The Eleventh Amendment bars a suit against a state and its agencies regardless of whether monetary damages or injunctive relief is sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). Thus, any constitutional claims for damages, whether compensatory or punitive, against Purdue University, a state entity that has not consented to be sued in federal court,[1] would be barred. *See McDonough Assoc., Inc. v. Grunloh*, 722 F.3d 1043, 1049 (7th Cir. 2013) ("[T]he general rule is that private individuals are unable to sue a state in federal court absent the state's consent."). Likewise, a suit for monetary relief against a state official in their official capacity is a suit against the state and is barred by the Eleventh Amendment. *Id.* at 1049–50; *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).[2]

"The difference between individual and official capacity claims turns not on the capacity in which the individual defendant acted . . . but instead on who is the real party." *Isabell v. Treasurers of Ind. Univ.*, 432 F. Supp. 3d 786, 793 (N.D. Ind. 2020) (citing *Hafer v. Melo*, 502 U.S. 21, 27–30 (1991)). In the context of a claim against officials of Indiana University, a state entity, for denial of tenure based on race, the Seventh Circuit recognized that monetary relief cannot be sought against "state employees in their *individual* capacities *if* the suit 'demonstrably

---

[1] Purdue University is a state agency for purposes of the Eleventh Amendment. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987).
[2] Claims for prospective injunctive relief against officials in their individual capacities are not barred by the Eleventh Amendment under the *Ex Parte Young* exception. *See MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000) (citations omitted). Here, the Plaintiff contends that she is bringing her § 1983 claim against Dr. Ishii in his individual capacity only for compensatory and punitive damages.

has the identical effect as a suit against the state.'" *Haynes v. Ind. Univ.*, 902 F.3d 724, 732 (7th Cir. 2018) (quoting *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2011)). Said differently, "sovereign immunity bars individual-capacity claims for damages whenever '[t]he money will flow from the state treasury to the plaintiff[].'" *Id.* (quoting *Luder*, 253 F.3d at 1024).

From the face of the Amended Complaint, the Plaintiff is bringing an individual capacity claim against Dr. Ishii, and Dr. Ishii admitted in his Answer that he is a "person" under § 1983. Answer ¶ 8, ECF No. 32. However, Dr. Ishii contends that the claim is not a bona fide individual capacity claim. Rather, he argues this is an official capacity claim because he is not the real party in interest, pointing to the Amended Complaint's prayer for relief that seeks to recover from "Defendants" all the Plaintiff's "lost wages and benefits" and "any additional lost wages, bonuses, compensation, and monetary loss suffered as a result of Defendant's unlawful actions." Am. Compl. 11. Dr. Ishii reasons that because the Plaintiff's Title VII claim against Purdue University is based on a "refusal to form a tenured employment contract," any failure to obtain tenure was based on a contract with Purdue and not any contract with Dr. Ishii, and thus she must be suing Dr. Ishii in his official capacity as well as Purdue University for the same damages because she is seeking lost-wage damages that would be paid by the university.

In the context of § 1983 claims for monetary damages against state university officials, courts in this circuit have recognized that, "[w]hen the plaintiff seeks damages against individual defendants *arising from an employment relationship*, Eleventh Amendment immunity applies because any damages would be paid by the state employer." *Wade v. Ind. Univ. Sch. of Med.*, No. 1:16-CV-2256, 2019 WL 3067519, at *8 (S.D. Ind. July 12, 2019) (emphasis added) (quoting *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Haynes*, 902 F.3d at 732); *see also Mulligan v. Ind. Univ. Bd. of Trs.*, No. 1:19-CV-1834, 2021 WL 1225929, at *5–6 (S.D. Ind. Mar. 31, 2021) (finding claims for backpay and other monetary compensation based on an

5

employment contract barred against the individual defendants under the Eleventh Amendment (citing *Omosegbon*, 335 F.3d at 673; *Haynes*, 902 F.3d at 732)); *Gibson v. Ind. State Pers. Dep't*, No. 1:17-CV-1212, 2020 WL 1956120, at *4 (S.D. Ind. Apr. 21, 2020) (holding that the plaintiff was barred by sovereign immunity from recovering monetary damages against the individual defendants because the damages available on her FMLA claims are "wages, salary, employment benefits, or other compensation," interest on those amounts, liquidated damages, and fees and costs, all of which are akin to wages, and such damages would "inescapably flow from the state treasury" (quoting *Luder*, 253 F.3d at 1022–23; *Haynes*, 902 F.3d at 732)).

First, Dr. Ishii fails to acknowledge the other distinct remedies the Amended Complaint seeks against him under § 1983, namely compensatory and punitive damages, neither of which can be sought against Purdue University under § 1983. The Plaintiff also clarifies in her response brief that she is not seeking lost wages or lost benefits from Dr. Ishii in his personal capacity. In her pretrial filings, she submitted a separate verdict form for her claim against Dr. Ishii seeking compensatory and punitive damages. *See* ECF Nos. 82, 83. She also submitted jury instructions regarding Dr. Ishii's liability as well as the punitive damages that are only available against Dr. Ishii in his personal capacity. *See* ECF No. 81. Dr. Ishii did not respond to these arguments.

More importantly, the Plaintiff has alleged constitutional violations against Dr. Ishii. She is not bringing a claim against him based in contract or on the employment relationship, and she is not seeking wage-like damages from him. Thus, the Plaintiff's § 1983 claim against Dr. Ishii does not have the "identical effect" as a suit against the state. *See, e.g.*, *Doe v. Purdue Univ.*, 4:18-CV-89, 2019 WL 1369348, at *3 (N.D. Ind. Mar. 25, 2019) (allowing the Plaintiffs to proceed with their § 1983 constitutional claims for compensatory and punitive damages against state university officials in their individual capacities); *Reinebold v. Ind. Univ. at S. Bend*, 3:18-CV-525, 2019 WL 1897288, at *2–3 (N.D. Ind. Apr. 25, 2019) (holding, on a motion to dismiss,

that Eleventh Amendment sovereign immunity did not preclude claims under § 1983 for compensatory and punitive damages against two Indiana University South Bend employees in their individual capacities); *Patton v. Ind. Univ. Bd. of Trs.*, No. 1:20-CV-699, 2022 WL 3716522, at *9–10 (S.D. Ind. Aug. 29, 2022) (contrasting damages claims based on the employment relationship at issue in *Haynes* with those seeking to remedy violations of constitutional rights); *Gibson*, 2020 WL 1956120, at *4 (stating in dicta that while the claim seeking wage-like damages under the FMLA was barred against individual state employees because the damages would be paid from the state treasury, "[o]ther types of damages . . . might lead to a different result—such as damages for embarrassment, emotional distress, and humiliation" (citing *Reinebold*, 2019 WL 1897288, at *2–3)). As noted by the court in *Reinebold*, "'[c]ompensatory damages' as a concept includes recovery for embarrassment, personal humiliation, impairment of reputation, mental anguish and suffering, etc." 2019 WL 1897288, at *3 (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986)).

      Dr. Ishii contends that the Seventh Circuit decision in *Haynes* is controlling because, in that case, the plaintiff—who alleged he was denied tenure because of his race—brought claims for monetary relief under 42 U.S.C. § 1981 against several Indiana University administrators. *See Haynes*, 902 F.3d at 728–31. The court held that "[s]overeign immunity . . . defeats [the plaintiff's] damages action against the University administrators, both in their individual and official capacities," because the plaintiff sought "monetary relief for an injury relating to his employment with Indiana University," the administrators were not a party to the employment contract, and there was no reason to believe that the University would not "foot the bill for a resulting judgment." *Id.* at 732. The court relied on its earlier decision in *Omosegbon v. Wells*, in which a professor brought suit for damages and injunctive relief against several supervisors when she was fired by Indiana State University. 335 F.3d 668. There, the court "found it

7

inescapable that any resulting judgment will be paid by the state because the professor sought backpay and other forms of monetary compensation based on the employment contract." *Haynes*, 902 F.3d at 732 (cleaned up) (quoting *Omosegbon*, 335 F.3d at 673).

As discussed above, the instant case is distinguishable from *Haynes* and *Omosegbon* because the Plaintiff's claim against Dr. Ishii does not arise from an employment contract but from Dr. Ishii's alleged constitutional violations and because the Plaintiff is seeking compensatory and punitive damages rather than backpay or other forms of monetary compensation that would be based on an employment relationship. The Plaintiff notes in her response brief that Dr. Ishii does not explain how compensatory and punitive damages against him would "flow from the state treasury,"[3] and Dr. Ishii did not file a reply. *Cf. Patton*, 2022 WL 3716522, at *10 (noting at the early stage of the litigation on a motion to dismiss that "it comes as no surprise that nothing indicates that a judgment in [plaintiff's] favor would 'flow from the state treasury' instead of [the individual defendants]"); *Calautti v. Shanahan*, No. 1:18-CV-119, 2019 WL 3717980, at *6 (S.D. Ind. Aug. 7, 2019) (finding sufficient the allegations to support individual capacity claims that sought compensatory and punitive damages unrelated to an employment contract).

Because Dr. Ishii has not shown that the Plaintiff's claim is not a bona fide individual capacity claim or that any compensatory or punitive damages awarded against him under § 1983 "would expend itself on the public treasury," the Eleventh Amendment does not bar the claim. Therefore, the Court denies the motion to dismiss.

---

[3] "The fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant, because it is the voluntary choice of the state, not a cost forced on it by the federal-court suit." *Luder*, 253 F.3d at 1023 (internal citations omitted).

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant Dr. Mamoru Ishii's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 92].

SO ORDERED on January 5, 2024.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

9