**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| TATYANA SIZYUK, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-75-TLS |
| PURDUE UNIVERSITY, BOARD OF TRUSTEES OF PURDUE UNIVERSITY, and MAMORU ISHII, in his personal capacity, | |
| Defendants. | |

**COURT'S FINAL JURY INSTRUCTIONS**

The Court will read the following Jury Instructions numbered 1 through 32 to the Jury at the conclusion of all the evidence and after the closing arguments of parties' counsel pursuant to Federal Rule of Civil Procedure 51, on January 26, 2024. The Court will also provide the Jury with the Verdict Form.

/s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

1

## COURT'S INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**COURT'S INSTRUCTION NO. 2**

These instructions are in writing, and I will send them to the jury room for your use as you deliberate upon your verdict. In these instructions, you may not single out any certain sentence or any individual point or directive and ignore the others. Instead, you must consider all instructions as a whole, and you must construe the instructions in harmony with each other. You will also be permitted to take the exhibits with you to use in your deliberations upon your verdict.

## COURT'S INSTRUCTION NO. 3

Plaintiff brought this lawsuit against Defendant Purdue University under a federal law called Title VII of the Civil Rights Act of 1964, often referred to as Title VII. Plaintiff brought this lawsuit against Defendant Mamoru Ishii under a federal law called the Civil Rights Act of 1866, often referred to as Section 1983. Under Title VII, it is illegal for an employer to discriminate against a person because of their race, sex, and/or national origin. Under Section 1983, it is illegal for a person, acting under color of law, to discriminate against a person because of their race, sex, and/or national origin.

In this case, Plaintiff claims that Defendants discriminated against her by denying her tenure at Purdue's School of Nuclear Engineering because of her race, sex, and/or national origin. Defendants deny that they discriminated against Plaintiff. Defendants contend Plaintiff was denied tenure based on legitimate and non-discriminatory reasons.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

## COURT'S INSTRUCTION NO. 4

During this trial, I have asked questions of witnesses myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**COURT'S INSTRUCTION NO. 5**

In this case one of the defendants is a university. All parties are equal before the law. A university is entitled to the same fair consideration that you would give any individual person.

## COURT'S INSTRUCTION NO. 6

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

A stipulation is an agreement between both sides that certain facts are true.

Both sides have agreed to the following 28 facts as being true:

1. Plaintiff is a Caucasian female born in Belarus.

2. In 2002, Plaintiff immigrated to the United States.

3. In 2003, Plaintiff began working at Argonne National Laboratory, where she worked in the Energy Technology (ET) division of Dr. Ahmed Hassanein's research group.

4. In 2007, Dr. Hassanein was recruited by and took a position at Purdue University's School of Nuclear Engineering.

5. In October 2007, Plaintiff became an Associate Research Scientist as part of Dr. Hassanein's group in the Center for Materials Under eXtreme Environments (CMUXE) in Purdue University's School of Nuclear Engineering.

6. In May of 2014, Plaintiff obtained a Ph.D. credential from the University of Rzeszów in Poland. Prior to the vote to deny Plaintiff tenure, University's Provost Office confirmed the validity of Dr. Sizyuk's Ph.D.

7. Dr. Hassanein, being the director of CMUXE, was the co-author of all of the research reported in Plaintiff's Ph.D. thesis.

8. Dr. Hassanein was the research advisor for Plaintiff's Ph.D.

9. In 2014, Plaintiff applied for and obtained a tenure-track Assistant Professor position in Purdue University's School of Nuclear Engineering.

10.     Tenure is a status of continuous employment granted by Purdue University as the employer.

11.     The three basic criteria for tenure at Purdue University are (i) discovery, (ii) learning, and (iii) engagement, though a tenure candidate's impact is also considered.

12.     Where a candidate received his or her Ph.D. is not part of the written policy for tenure.

13.     A candidates' prior work performance before Purdue is not part of the written policy for tenure.

14.     At Purdue University's West Lafayette, Indiana campus, tenure is first considered by a Primary Committee.

15.     A candidate who receives a majority vote from the Primary Committee is reviewed by the relevant Area Committee, and a majority vote of the Area Committee results in review by the Promotions Committee.

16.     At both the Primary and Area Committee levels, the committee chair may endorse a candidate who does not receive a majority vote.

17.     A majority vote of the Promotions Committee advances the application to the Provost, who reviews the candidate and forwards a recommendation to the University President.

18.     The President and Board of Trustees make the official determination as to the award of tenure, with deference given to the primary committee's vote in favor of tenure.

19.     If the Primary Committee votes to deny tenure and the Chair fails to endorse a candidate for review, then the candidate is denied tenure and the Promotions Committee, Provost, University President, and Board of Trustees do not have the opportunity to review a candidate for tenure.

20.   In the School of Nuclear Engineering, the relevant Primary Committee is the Nuclear
      Engineering Primary Committee ("NEPC"), which comprises tenured faculty within the
      School.

21.   Dr. Sizyuk's dossier/application for tenure is as published at PU-SIZYUK 000995 –
      001063.

22.   On September 27, 2019, the NEPC voted 6-2 against awarding Plaintiff tenure.

23.   Defendant Ishii is a male of Japanese descent.

24.   Defendant Ishii was a member of the NEPC during the decision relative to Plaintiff's
      tenure candidacy.

25.   Defendant Ishii voted against awarding Plaintiff tenure.

26.   Plaintiff did not obtain tenure at Purdue University.

27.   In May 2021, Plaintiff separated from her employment with Purdue University due to the
      denial of her tenure.

28.   There is a single Purdue defendant in this case, referred to as Purdue University. There
      are not any individual Trustee defendants. There is no difference between the term
      "Purdue University" and "The Trustees of Purdue University."

## COURT'S INSTRUCTION NO. 7

During the trial, certain testimony was presented to you by the reading of depositions and trial transcripts. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## COURT'S INSTRUCTION NO. 8

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## COURT'S INSTRUCTION NO. 9

Any notes you took during the trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impressions of each juror about the testimony.

## COURT'S INSTRUCTION NO. 10

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## COURT'S INSTRUCTION NO. 11

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must not consider it against any other party.

## COURT'S INSTRUCTION NO. 12

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## COURT'S INSTRUCTION NO. 13

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## COURT'S INSTRUCTION NO. 14

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

– the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

– the witness's memory;

– any interest, bias, or prejudice the witness may have;

– the witness's intelligence;

– the manner of the witness while testifying;

– the witness's age;

– and the reasonableness of the witness's testimony in light of all the evidence in the case.

17

## COURT'S INSTRUCTION NO. 15

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decided that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in Court, you may consider the earlier statement only in deciding whether his testimony here in Court was true and what weight to give to his testimony here in Court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## COURT'S INSTRUCTION NO. 16

It is proper for a lawyer to meet with any witness in preparation for trial.

**COURT'S INSTRUCTION NO. 17**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## COURT'S INSTRUCTION NO. 18

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## COURT'S INSTRUCTION NO. 19

Certain charts have been shown to you. Those charts are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## COURT'S INSTRUCTION NO. 20

You must give separate consideration to each claim and each party in this case.

## COURT'S INSTRUCTION NO. 21

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## COURT'S INSTRUCTION NO. 22

Plaintiff claims that she was denied tenure by Defendant Purdue University because of her race, sex, and/or national origin in violation of Title VII. To succeed on this clam, Plaintiff must prove her "cat's paw" theory by a preponderance of the evidence. As explained more in the next instruction, the "cat's paw" theory requires the Plaintiff to prove that Defendant Mamoru Ishii actually harbored discriminatory animus against Plaintiff based on her race, sex, and/or national origin and that Defendant Ishii's deliberate scheme caused Defendant Purdue University's decision to deny Plaintiff tenure. To determine that Plaintiff was denied tenure by Defendant Purdue University because of her race, sex, and/or national origin, you must decide that Defendant Purdue University would not have denied her tenure had she been male and/or of Asian descent but everything else had been the same.

Often, events have multiple but-for causes. When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as Plaintiff's race, sex, and/or national origin was one but-for cause of that decision, that is enough to trigger the law.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff against Defendant Purdue University. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant Purdue University.

## COURT'S INSTRUCTION NO. 23

Plaintiff brings her Title VII discrimination claim against Defendant Purdue University under a "cat's paw" theory of liability.

The "cat's paw" theory applies when a biased supervisor, or a biased subordinate, who lacks decision-making power, uses a formal decision maker(s) as a dupe in a deliberate scheme to trigger a discriminatory employment action. This means the ultimate decision-maker(s) issued an adverse employment action based on the discriminatory animus of another. Animus means ill will.

Thus, to prevail on a cat's paw theory of liability against Purdue University in this case, Plaintiff must prove:

(1)     Defendant Mamoru Ishii actually harbored discriminatory animus against Plaintiff based on her race, sex, and/or national origin; and

(2)     Defendant Ishii's deliberate scheme was the proximate cause of Defendant Purdue University's decision to deny Plaintiff tenure.

Proximate cause requires only some direct relation between the injury asserted and the injurious conduct alleged, and excludes only those links that are too remote, purely contingent, or indirect. A biased employee's influence can be exercised by supplying misinformation or failing to provide relevant information to the person making the employment decision.

26

## COURT'S INSTRUCTION NO. 24

In deciding Plaintiff's claim against Defendant Purdue University, you should not concern yourselves with whether Purdue University's actions as Plaintiff's employer were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant Purdue University denied Plaintiff tenure because of Plaintiff's race, sex, and/or national origin.

## COURT'S INSTRUCTION NO. 25

In her Section 1983 claim, Plaintiff contends that Defendant Mamoru Ishii intentionally acted, under color of law, to deprive Plaintiff of her right to be free from race, sex, and/or national origin discrimination under the Fourteenth Amendment to the United States Constitution, thereby causing injury to Plaintiff.

Plaintiff must prove by a preponderance of the evidence that Defendant Ishii was personally involved in the conduct that Plaintiff complains about. You may not hold Dr. Ishii liable for what others did or did not do.

One of the things Plaintiff must prove is that Defendant Ishii acted "under color of law." A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state law, local law, or policy. You may find that Defendant Ishii acted under color of law even if he was acting outside his authority if he represented himself as having that authority or if he otherwise used his position to accomplish the act.

28

## COURT'S INSTRUCTION NO. 26

If you find that Plaintiff has proven any of her claims, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence. If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

## COURT'S INSTRUCTION NO. 27

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits.

You should consider the following types of compensatory damages, and no others:

- The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of the physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

## COURT'S INSTRUCTION NO. 28

If you find for Plaintiff under Section 1983 against Defendant Mamoru Ishii, you may, but are not required to, assess punitive damages against Defendant Ishii. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Ishii. You may assess punitive damages only if you find that Defendant Ishii's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant Ishii simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant Ishii's conduct;
- the impact of Defendant Ishii's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant Ishii;
- the likelihood that Defendant Ishii would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

**COURT'S INSTRUCTION NO. 29**

If you decide for Defendant Purdue University on the question of liability, then you should not consider the question of damages.

## COURT'S INSTRUCTION NO. 30

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the form.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TATYANA SIZYUK, | |
|     Plaintiff, | |
| v. | CAUSE NO.: 4:20-CV-75-TLS |
| PURDUE UNIVERSITY, BOARD OF TRUSTEES OF PURDUE UNIVERSITY, and MAMORU ISHII, in his personal capacity, | |
|     Defendants. | |

**VERDICT FORM**

We, the jury, unanimously answer the questions submitted by the Court as follows:

**Question 1 (select "yes" or "no"):**

Did Plaintiff Tatyana Sizyuk prove by a preponderance of the evidence that Defendant Mamoru Ishii actually harbored a discriminatory animus against Plaintiff because of her race, sex, and/or national origin?

  **YES** _____    **NO** _____

*If your answer to Question 1 is "no," then you have reached a verdict. Do not answer any further questions. Please sign and date this verdict form and alert the Courtroom Deputy.*

*If your answer to Question 1 is "yes," then proceed to answer Question 2.*

**Question 2 (select "yes" or "no"):**

Did Plaintiff Tatyana Sizyuk prove her "cat's paw" theory by a preponderance of the evidence? That is, did Plaintiff prove by a preponderance of the evidence that Defendant Mamoru Ishii used Defendant Purdue University as a dupe in a deliberate scheme to trigger the denial of Plaintiff's tenure bid, such that Defendant Mamoru Ishii's discriminatory scheme was the proximate cause of Defendant Purdue University's decision to not award Plaintiff with employment tenure?

  **YES** _____    **NO** _____

*If your answer to Question 2 is "no," then you have reached a verdict. Do not answer any further questions. Please sign and date this verdict form and alert the Courtroom Deputy.*

*If your answer to Question 2 is "yes," then proceed to answer Questions 3 and 4.*

**Question 3:**

What amount of damages, if any, is Plaintiff entitled to recover from Defendant Mamoru Ishii and Defendant Purdue University on her claim for physical and mental/emotional pain and suffering from Purdue University's decision to not grant Plaintiff employment tenure? (Note: This amount should not include any award of lost wages or benefits. Those amounts, if any, will be determined by the Court.)

$ _____

*Regardless of your answer to Question 3, proceed to Question 4.*

**Question 4 (select "yes" or "no"):**

Did Plaintiff Tatyana Sizyuk prove by a preponderance of the evidence that Defendant Mamoru Ishii showed a malicious or reckless disregard for the right of Plaintiff to a decision by Purdue University on her employment tenure candidacy free from discrimination on the basis of race, sex, and/or national origin?

**YES _____          NO _____**

*If your answer to Question 4 is "no," then you have reached a verdict. Do not answer any further questions. Please sign and date this verdict form and alert the Courtroom Deputy.*

*If your answer to Question 4 is "yes," then proceed to answer Question 5.*

**Question 5:**

What amount of punitive damages, if any, is Plaintiff entitled to recover from Defendant Mamoru Ishii?

$ _____

*You have reached a verdict. Please sign and date this form and alert the Courtroom Deputy.*

_____
FOREPERSON

_____
DATE

35

## COURT'S INSTRUCTION NO. 31

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## COURT'S INSTRUCTION NO. 32

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.